NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARY L. JENKS,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2018-2176

---

Petition for review of the Merit Systems Protection Board in No. CH-0831-18-0209-I-1.

---

Decided: November 9, 2018

---

MARY L. JENKS, Hammond, IN, pro se.

SEAN LYNDEN KING, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by LISA LEFANTE DONAHUE, JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR.

---

Before MOORE, SCHALL, and STOLL, *Circuit Judges*.

PER CURIAM.

Mary L. Jenks appeals the final decision of the Merit Systems Protection Board affirming the Office of Personnel Management's ("OPM") finding that she was ineligible to receive annuity benefits because she had applied for and received a refund of her retirement contributions. For the reasons that follow, we *affirm*.

## BACKGROUND

Ms. Jenks worked for the U.S. Postal Service from 1976 to 1991, and her service with USPS was covered by the Civil Service Retirement System. In August 1991, Ms. Jenks filed an application for refund of her retirement deductions, which she received. The application form stated: "If you have more than 5 years of service, you may be entitled to annuity rights which will be forfeited by payment of this refund unless you are later reemployed subject to the Civil Service Retirement law."

In November 2017, Ms. Jenks applied for her retirement annuity. OPM denied her request. It explained that under 5 U.S.C. § 8342(a), Ms. Jenks was not entitled to further benefits because she had received the retirement deductions withheld from her salary when she received her refund. Ms. Jenks appealed to the Board. In an initial decision, the administrative judge found Ms. Jenks failed to show she is entitled to the annuity, agreeing with OPM that Ms. Jenks' receipt of a refund in 1991 voided her annuity rights. The initial decision became final on July 17, 2018. Ms. Jenks appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We will uphold a decision of the Board unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."

5 U.S.C. § 7703(c). Ms. Jenks bears the burden of showing she is entitled to retirement benefits. *See Carreon v. Office of Pers. Mgmt.*, 321 F.3d 1128, 1130 (Fed. Cir. 2003).

Under § 8342(a), "the receipt of the payment of the lump-sum credit by the employee or Member voids all annuity rights under this subchapter based on the service on which the lump-sum credit is based, until the employee or Member is reemployed in the service subject to this subchapter." The loss of annuity rights may be cured by a redeposit of the payment with interest. *Carreon*, 321 F.3d at 1131 (citing 5 U.S.C. § 8334(d)).

The Board did not err in affirming OPM's denial of Ms. Jenks' request for an annuity. Substantial evidence supports the Board's finding that Ms. Jenks failed to demonstrate she is entitled to an annuity. Ms. Jenks applied for and received a refund of her retirement deductions in 1991, which generally voids entitlement to annuity rights under § 8342(a). The application form notified Ms. Jenks that her annuity could be forfeited after receiving her refund. Ms. Jenks states she is willing to redeposit her refund. Only current employees, however, are eligible to make a redeposit, and Ms. Jenks does not claim to be currently employed in a covered position by the federal government. *See* §§ 8334(d)(1), 8342(a). We have considered Ms. Jenks' remaining arguments and find them unpersuasive.

## CONCLUSION

For the foregoing reasons, the decision of the Board is *affirmed*.

## AFFIRMED

## COSTS

No costs.